UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS KEVIN JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  1:23-cv-03633 (UNA) |
| ) | |
| DATCAR LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants plaintiff's FP application, and for the reasons explained below, it dismisses the complaint without prejudice.

Plaintiff, a resident of the District of Columbia, sues Datcar, LLC, which appears to be a car maintenance shop or dealership, also located in the District. *See* Compl. at 1–5. Plaintiff alleges that defendant intentionally performed faulty work on his vehicle in an effort to overcharge him, and that defendant's mishandling ultimately rendered his vehicle undrivable. *See id*. As a result, he demands $200,000 in damages. *Id.* at 5. Plaintiff faces hurdles here that he cannot overcome.

At the outset, the court notes that, although plaintiff has signed the certificate of service attached to the complaint, *see id*. at 6, he has not signed the complaint itself, in contravention of Federal Rule 11(a).

But even if plaintiff's complaint conformed with the Rules of Civil Procedure, it would be of no consequence, because he has failed to establish this court's subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28

U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

First, federal question jurisdiction "must affirmatively appear clearly and distinctly." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)). Here, plaintiff has neither raised a federal question, nor can any be inferred.

Second, plaintiff has also failed to establish diversity jurisdiction. Both plaintiff and defendant are located in the District of Columbia, thereby defeating any diversity jurisdiction. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.").

Consequently, this matter is dismissed without prejudice. An order consistent with this memorandum opinion is issued separately.

DATE: January 29, 2024                                      /s/ CHRISTOPHER R. COOPER
                                                            United States District Judge